IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PAULA I. BROWN                                                                                          PLAINTIFF

        v.                              Civil No. 13-3031

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                          DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Paula I. Brown, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

      Plaintiff applied for DIB and SSI on September 4, 2007. (Tr. 115.) Plaintiff alleged an onset date of February 1,2005 due to spur on spine, neck pain, and pain in coccyx from car accident. (Tr. 275, 283.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on June 23, 2009 in front of Administrative Law Judge ("ALJ") Monica LaPolt. Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 74.)

      At the time of the administrative hearing, Plaintiff was 43 years old, and possessed a GED . She had also taken several classes at Arkansas State University - Mountain Home. (Tr. 78.) The Plaintiff had

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

past relevant work experience ("PRW") of sales clerk, Cashier II, tree trimmer helper, and cleaner. (Tr. 101.)

On February 25, 2010, ALJ LaPolt concluded that Plaintiff suffered from the following severe impairments: degenerative disk disease, pain disorder, stenosis of the left upper extremity arterial supply, and obsessive compulsive disorder. (Tr. 117.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except that "the claimant cannot climb ladders, ropes, and scaffolds. She can frequently balance, stoop, kneel, crouch, crawl, push, and pull with bilateral upper extremities, and climb ramps and stairs. She can only perform unskilled work." (Tr. 120.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform her past relevant work as a sales clerk (light exertional level; semi-skilled); cashier (light exertional level, unskilled); and cleaner (light exertional level, unskilled). The ALJ stated that this work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. (Tr. 124.)

Plaintiff requested a review by the Appeals Council. (Tr. 141.) The Appeals Council reviewed the decision and remanded the case back to the ALJ on October 23, 2010. (Tr. 131.) In that remand, the ALJ was directed to further consider Plaintiff's mental impairment and obesity. Once that consideration was completed, the ALJ was directed to give further consideration to the Plaintiff's Overall RFC and to obtain supplemental evidence from a VE as to the effect of her limitations.

On April 27, 2011, a second administrative hearing was held in front of ALJ Glenn A. Neel. (Tr. 25.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 32.)

On August 8, 2011, ALJ Neel concluded that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine, obesity, depressive disorder, obsessive compulsive disorder (OCD)/anxiety disorder, pain disorder, and polysubstance abuse in partial remission. (Tr. 18.) The ALJ found that Plaintiff maintained the residual functional capacity to

2

perform sedentary work except she can "only occasionally climb ramps and stairs and can never climb ladders, ropes, scaffolds. She can only occasionally balance, stoop, kneel, crouch, and crawl. She cannot perform overhead work. She must avoid even moderate exposure to hazards. From a mental standpoint, she can understand, she can understand, remember and carry out simple tasks under routine supervision. She can relate superficially to co-workers and supervisors for work purposes. She cannot tolerate active involvement with the general public." (Tr. 20.) With the assistance of the VE, the ALJ determined that Plaintiff could perform such representative occupations as assembler, machine tender, and surveillance system monitor. (Tr. 24.)

Plaintiff requested a review by the Appeals Council on August 17, 2011. (Tr. 8.) The Appeals Council declined review on January 14, 2013. (Tr. 1.)

## II.   Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and

3

that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises three issues on appeal: 1) the ALJ did not properly account for Plaintiff's subjective allegations of pain in his *Polaski* credibility analysis; 2) the ALJ failed to make an investigation into her mental impairments as ordered by the AC; and 3) the ALJ improperly evaluated and/or ignored consistently low GAF scores. (Pl's Br. 15.) Because this Court agrees with issues two and three, issue one will not be addressed.

### A. Insufficient Investigation of Plaintiff's Mental Impairments per Appeals Council Remand

The AC remand directed the ALJ to "evaluate the treating and nontreating source opinions . . .*and explain the weight given to such opinion evidence. . . .*" (Tr. 133.)(emphasis added). The ALJ did not do

4

so. The Plaintiff submitted medical records from treating physicians for both her physical and mental issues. The ALJ did not explicitly assign weight or explain the weight assigned for any of them. This requires a remand. *See e.g. Holmstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001) ("Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting.").

Additionally, this Court notes that no treating psychiatric physician was asked to provide a Mental RFC Assessment indicating their estimate of Plaintiff's ability to function in the workplace as part of this further investigation. Instead, the ALJ relied on a consulting examiner and stated that "no treating physician placed any functional restrictions on her activities." (Tr. 23.) This requires a remand. *See Pate-Fires v. Astrue*, 564 F.3d 935, 943-44 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter. . . .").

On remand, the ALJ is directed to obtain a Mental RFC Assessment for Plaintiff from Health Resources of Arkansas or Ozark Counseling Services. If Plaintiff has begun working with another psychiatric service provider during the pendency of this appeal, the ALJ may also obtain the assessment from that provider.

Given the amount of time that has elapsed since Plaintiff's last mental consultative examination, and given the amount of disagreement in the record concerning Plaintiff's back and neck conditions and chronic pain, this Court strongly recommends that the ALJ order consultative examinations with a psychiatric specialist and an orthopedic specialist to finalize the record on an already lengthy and difficult case.

Once all new information is gathered, the ALJ must present this new information to a VE in order to re-assess Plaintiff's Mental RFC as directed by the AC.

### B. Mischaracterization of GAF Scores

While a GAF score alone is not determinative, the Eighth Circuit has repeatedly recognized that GAF scores are relevant evidence in evaluating a disability claim. *See Pates-Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir. 2009) (a history of GAF scores at or below 50 indicates "serious impairment in social, occupational, or school functioning."); *Brueggemann*, 348 F.3d at 695 (a history of GAF score of 50 reflects a serious limitation on a claimant's ability to perform basic life tasks; VE testified that an individual with a GAF score of 50 could not work); *Viers v. Astrue*, 582 F. Supp 1109 (N.D. Iowa 2008) (GAF score of 50 during periods of alleged sobriety and periods of substance use required remand to fully develop the record)).

Plaintiff was assessed with the following GAF scores:

- May 2005, Ozark Counseling, GAF 50 (Tr. 443.)
- November and December 2006, Ozark Counseling, GAF 50 (Tr. 458-59.)
- May 2007, Ozark Counseling, GAF 50 (Tr. 460.)
- November 2009, CE Neuropsychological, Dr. Harris, Mental Fitness Center of the Ozarks, GAF 45 (Tr. 1045.)
- April 20, 2011, Health Resources of Arkansas, GAF 40 (Tr. 1156.)
- May 4, 2011, Health Resources of Arkansas, GAF 42 (Tr. 1155.)
- May 18, 2011, Health Resources of Arkansas, GAF 42 (Tr. 1152.)
- May 20, 2011, Health Resources of Arkansas, GAF 40 (Tr. 1156.)
- August 2011, Health Resources of Arkansas, GAF 45 (Tr. 1151.)
- November 2011, Health Resources of Arkansas, GAF 48 (Tr. 1146.)

Plaintiff's highest GAF score has been 50. Further, from 2009 to 2011, Plaintiff's scores were consistently below 50. Thus, this Court is puzzled by the ALJ's characterization of consulting examiner Dr. Harris' GAF of 45 as a "snapshot" that was "not supported by the other substantial evidence of record

which documents a consistent GAF score of 50-55." (Tr. 22.) The ALJ provided no citation to evidence in the record that supported this statement, in direct violation of the AC remand. (Tr. 133.)This mischaracterization of the Plaintiff's GAF scores requires a remand. *See e.g. Hinchey v. Shalala,* 29 F.3d 428, 432 (8th Cir. 1994)(" Incorrect or imprecise evidence "cannot constitute substantial evidence to support an ALJ's decision.")

On remand, the ALJ is directed to consider and make explicit findings as to Plaintiff's GAF scores. In that consideration, this Court joins with the AC in directing the ALJ to include accurate citations to sources of facts in the record.

## IV.  Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of June 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)